IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**ANTHONY L. NEWMAN,**

            **Plaintiff,**

     **v.**                            **CASE NO.  08-3068-SAC**

**ROGER WERHOLTZ,**
**et al.,**

            **Defendants.**

### O R D E R

This civil rights complaint, 42 U.S.C. § 1983, was filed by an inmate of the Lansing Correctional Facility, Lansing, Kansas. Plaintiff has also filed an Application to Proceed Without Prepayment of Fees (Doc. 2), which the court finds should be granted[1]. Named defendants are Roger Werholtz, Kansas Secretary of Corrections; David McKune, Warden, LCF; Correct Care Solutions (CCS), the health care provider at LCF; and P.J. Goodman, LCF Correctional Officer.

**FACTUAL BACKGROUND**

As the factual background for his complaint, Mr. Newman alleges that on May 5, 2006, he was excused by his class instructor to go to his cell to use the restroom, and as he was going to his cell, he had an altercation with Correctional Officer Goodman. He further

---

[1] Pursuant to 28 U.S.C. §1915(b)(1), plaintiff remains obligated to pay the full district court filing fee which is currently $350.00 in this civil action. Being granted leave to proceed in forma pauperis entitles him to pay the filing fee over time through payments from his inmate trust fund account as authorized by 28 U.S.C. §1915(b)(2). Pursuant to §1915(b)(2), the Finance Office of the facility where plaintiff is confined is directed by copy of this Order to collect twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full. Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including but not limited to providing any written authorization required by the custodian or any future custodian to disburse funds from his account.

alleges he made derogatory remarks to CO Goodman, was placed in cuffs, and "continued to make derogatory remarks." He also alleges that Goodman escorted him out of the building while "violently slamming and pushing" him into walls with excessive force. He states he was "violently dragged out of (his) shower shoes." He states he sustained a lacerated lip and "knot on side of face."

**CLAIMS**

In Counts I and III of his complaint, Mr. Newman claims that defendant Goodman acted in bad faith and used excessive force in violation of the Eighth Amendment's prohibition of cruel and unusual punishment. He further claims defendants McKune and Werholtz neglected their duties to protect plaintiff from abuse.

In Count II and III, plaintiff claims he was denied his Eighth Amendment right to medical care. In support, he alleges he has "been diagnosed by a physician and placed on medication for high blood pressure and asthma." He further alleges he was placed in segregation on May 5, 2006, and his medication was withheld from that day to May 8, 2006, as part of his disciplinary punishment. Plaintiff seeks compensatory, punitive, and nominal damages as well as all costs for this action.

**SCREENING**

Because Mr. Newman is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b). Having screened all

2

materials filed, the court finds the complaint is subject to being dismissed for reasons which follow.

**<u>PERSONAL PARTICIPATION OF DEFENDANTS NOT ALLEGED</u>**

Plaintiff does not allege any personal participation on the part of defendants Werholtz or McKune in the incident of alleged excessive force or the denial of medication. They may not be held liable for money damages based solely upon their supervisory capacities. Furthermore, Correct Care Solutions is not a proper defendant because it is an entity and not a "person" suable under 42 U.S.C. § 1983. Plaintiff does not name as defendant the staff person who actually withheld his medications for three days. It thus appears the only named defendant who actually participated in any of the actions complained of by plaintiff is defendant CO Goodman. The other defendants will be dismissed from this action, unless plaintiff alleges additional facts showing their personal participation.

**<u>FAILURE TO STATE CLAIM OF DENIAL OF MEDICAL CARE CLAIM</u>**

Plaintiff does not allege that he was denied medical care for injury resulting from the alleged excessive force incident. Instead, he complains that his prescribed medications for asthma and high blood pressure were not provided for up to three days after he was placed in segregation.

An inmate's complaint of inadequate medical care amounts to an Eighth Amendment claim if the inmate alleges "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976). The

3

"deliberate indifference" standard has two components: "an objective component requiring that the pain or deprivation be sufficiently serious; and a subjective component requiring that [prison] officials act with a sufficiently culpable state of mind." Miller v. Glanz, 948 F.2d 1562, 1569 (10th Cir. 1991). With respect to the subjective component, an inadvertent failure to provide adequate medical care "fail[s] to establish the requisite culpable state of mind." Id., *quoting* Wilson v. Seiter, 501 U.S. 294, 297 (1991). Deliberate indifference requires more than negligence. Farmer v. Brennan, 511 U.S. 825, 835 (1994). A delay in providing medical care does not violate the Eighth Amendment unless there has been deliberate indifference resulting in "substantial harm." Olson v. Stotts, 9 F.3d 1475 (10th Cir. 1993); Garrett v. Stratman, 254 F.3d 946, 950 (10th Cir. 2001).

Plaintiff does not allege that any harm resulted from the delay of three days or less in the provision of his prescribed medications. Furthermore, his exhibits show his medications were provided once he asked for them. He also fails to allege any facts indicating that any named defendant acted with a sufficiently culpable state of mind in the brief delay. It follows that plaintiff's allegations in support of his claim of denial of medical care, taken as true, fail to state a claim under the Eighth Amendment.

**EXCESSIVE FORCE CLAIM**

"To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution or law of the

4

United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); Northington v. Jackson, 973 F.2d 1518, 1523 (10th Cir. 1992). A "pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Nevertheless, the court cannot assume the role of advocate for the pro se litigant, and a broad reading of the complaint does not relieve the plaintiff of the burden of alleging sufficient facts to state a claim upon which relief can be based. Id.(Conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

In Graham v. Connor, 490 U.S. 386 (1989), the United States Supreme Court discussed Whitley v. Albers, 475 U.S. 312 (1986), and distinguished excessive force claims brought by free citizens from such claims brought by incarcerated individuals. In Whitley, the Court stated that, "[a]fter incarceration, only the 'unnecessary and wanton infliction of pain' . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment (citations omitted)." Id. at 319. In considering an excessive force claim by a prison inmate, a court must determine "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm (citations omitted)." Id. at 320-21. Relevant factors to be considered in

5

making this determination include (1) the need for the application of force; (2) the relationship between the need and amount of force used; and (3) the extent of injury inflicted. Id.; see also Smith v. Cochran, 339 F.3d 1205, 1212 (10th Cir. 2003). This standard is "sensitive to the highly-charged prison environment." "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir.), cert. denied sub nom. John v. Johnson, 414 U.S. 1033 (1973); Hudson v. McMillian, 503 U.S. 1, 9-10, (1992)(Excluded from the Eighth Amendment's reach are "de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind."). A prison guard's use of force is entitled to deference by the courts because their decisions are made "in haste, under pressure, and frequently without the luxury of a second chance." Hudson v. McMillian, 503 U.S. 1, 6 (1992); Whitley, 475 U.S. at 320.

Applying the foregoing standards to the facts alleged by plaintiff, the court finds that, even accepting plaintiff's factual allegations as true, they fail to establish a violation of the Eighth Amendment. Plaintiff's own exhibits and allegations indicate he was being disruptive, uncooperative, and very disrespectful to CO Goodman at the time of the incident. His exhibits also suggest he was moving away from defendant Goodman, disobeyed her orders, and was disciplined as a result of his behavior. His actions were clearly contrary to the legitimate penological interest of maintaining control and discipline in the prison facility. Under such circumstances, the use of some physical force can hardly be considered repugnant to the conscience of mankind.

6

Moreover, plaintiff presents no factual allegations to support a claim that defendant Goodman acted "maliciously and sadistically for the very purpose of causing harm." Cf. Whitley, 475 U.S. at 320-321; Smith, 339 F.3d at 1212. Plaintiff's conclusory allegation that defendant Goodman used excessive force is not adequately supported by descriptive facts and circumstances. His allegations instead give the impression that "force was applied in a good faith effort to maintain or restore discipline." Nor does plaintiff allege a "wanton infliction of pain" that was severe, or a lasting injury. It follows that plaintiff's allegations fail to implicate constitutional concerns. See DeWalt v. Carter, 224 F.3d 607, 620 (7th Cir. 2000)(holding that prison guard's "simple act of shoving" inmate into a door frame was not an Eighth Amendment violation.)"

Plaintiff will be given time to cure the deficiencies in his complaint discussed herein by submitting a "Supplement to Complaint" alleging additional facts showing personal participation by all defendants, other than defendant Goodman, and to support a claim under the Eighth Amendment, in accord with the foregoing Order. If he fails to submit a "Supplement to Complaint" within the time allotted by the court, this action may be dismissed without further notice.

**IT IS THEREFORE ORDERED** that plaintiff's Application to Proceed Without Prepayment of Fees (Doc. 2) is granted.

**IT IS FURTHER ORDERED** that plaintiff is granted thirty (30) days to file a "Supplement to Complaint" in which he alleges additional facts to demonstrate personal participation and to state a claim, and shows cause why this action should not be dismissed for

7

reasons stated herein.

The Clerk is directed to transmit a copy of this Order to the financial officer at the facility where plaintiff is currently confined.

**IT IS SO ORDERED**.

Dated this 13th day of March, 2008, at Topeka, Kansas.

<u>s/Sam A. Crow</u>
U. S. Senior District Judge