```
                IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF KANSAS
```

**ANTHONY L. NEWMAN,**

                    **Plaintiff,**

            **v.**                      **CASE NO.  08-3068-SAC**

**ROGER WERHOLTZ,**
**et al.,**

                    **Defendants.**

### O R D E R

On March 13, 2008, this court issued an order screening the complaint filed herein and giving plaintiff time to cure deficiencies in the complaint by submitting a "Supplement to Complaint." Plaintiff was directed to allege additional facts to support his claim under the Eighth Amendment, and show personal participation by all defendants other than defendant Goodman. He was informed that if he failed to submit a "Supplement to Complaint" that complied with the Order within the time allotted, this action could be dismissed without further notice. Plaintiff has since filed motions, which were ruled upon in an Order dated April 29, 2008, including a motion for extension of time in which to file his Supplement to the Complaint, which was granted.

Plaintiff filed this action while he was an inmate at the Lansing Correctional Facility. On April 15, 2008, he filed a Notice of Change of Address indicating he had been moved to the Saline County Jail. The mail sent by the court to plaintiff containing the April 29, 2008, order was returned to the court marked "Return to Sender." It was mailed to the Saline County Jail

a second time on May 7, 2008, but again returned marked "Return to Sender.  Nothing further has been received from plaintiff since April 15, 2008.

From the foregoing the court finds that plaintiff is no longer at the Saline County Jail, and has not apprised the court of his current address.  The court further finds that plaintiff has not responded to the court's Order of March 13, 2008, requiring him to cure deficiencies in his complaint by filing a Supplement, and the time for his response has expired.

It is the duty of a plaintiff who has filed a pro se action to keep the Court apprised of his or her current address and to comply with the Court's orders in a timely fashion.  Plaintiff also has the general duty to prosecute his case.  The district court can, under Rule 41(b) of the Federal Rules of Civil Procedure, dismiss an action because the plaintiff fails to comply with a court order and for failure to prosecute[1].  Plaintiff's failure to keep the Court informed of his new address and his failure to respond to an order of the court constitute failure to prosecute.  The court concludes plaintiff must show cause why this action should not be dismissed for failure to prosecute.

**IT IS THEREFORE ORDERED** that plaintiff is granted twenty (20) days in which to show cause why this action should not be dismissed for failure to prosecute.  If plaintiff fails to respond

---

[1] FRCP Rule 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action . . . ."  In Link v. Wabash Railroad Co., 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case sua sponte for failure to prosecute, even though the language of Rule 41(b) appears to require a motion from a party. Moreover, in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute without notice or hearing.  Id. at 633.

to this Order within the time allotted and to provide the court with his current address, this action will be dismissed without further attempts at notice.

The clerk is directed to transmit a copy of this Order to plaintiff at his last known address.

**IT IS SO ORDERED.**

Dated this 13th day of June, 2008, at Topeka, Kansas.

s/Sam A. Crow<br>U. S. Senior District Judge

3